IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, #177281,   )  <br> ) <br> Petitioner,   ) <br> ) <br> v.   ) <br> ) <br> ) <br> JUDGE SIBLEY REYNONLDS, *et al.*,   ) <br> ) <br> Respondents.   ) | CASE NO. 2:13-CV-451-TMH <br> [WO] |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ["Frazierl"], an indigent state inmate presently incarcerated at the J. O. Davis Correctional Facility. In the instant complaint, Frazier challenges the constitutionality of rulings issued by the state courts in recent actions which originated before the Circuit Court of Chilton County, Alabama. Specifically, Frazier alleges that Judge Sibley Reynolds, the presiding judge on Frazier's 2002 manslaughter conviction, "on return to remand [in a Rule 32 action] . . . stated that he did not use [Frazier's] youthful-offender adjudications to sentence [Frazier] under the Habitual Felony Offender Act, knowing fully that he used both . . . youthful-offender conviction[s]. The defendant intentionally committed fraud, misrepresentation, deceit and suppression." *Compl. - Doc. No. 1* at 4.[1] Frazier further

---

[1] This court previously dismissed a habeas petition in which Frazier challenged his conviction for manslaughter and the resulting sentence imposed for this conviction. *Frazier v. Giles, et al.*, 2:09-CV-1167-

complains that the Alabama Court of Criminal Appeals and the Alabama Supreme Court improperly affirmed the decision issued by Judge Reynolds. *Id*. In addition, Frazier challenges the dismissal of an appeal entered by the Alabama Court of Civil Appeals on June 4, 2013 from the trial court's denial of a civil rights action he filed against Judge Reynolds. *Id.* at 3. ("[T]he Court of Civil Appeals . . . [improperly] dismissed his appeal for failure to pay the trial court clerk for the record preparation.").

## II. DISCUSSION

Upon initiation of this case, Frazier filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

---

TMH-WC (M.D. Ala. 2012).

[2] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127

The records of this court establish that Frazier, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are:  (1) *Frazier v. Fuller*, Case No. 2:12-CV-155-TMH-WC (M.D. Ala. 2012); (2) *Frazier v. Fuller*, Case No. 2:11-CV-159-TMH-WC (M.D. Ala. 2011); and (3) *Frazier v. Fuller*, Case No. 2:11-CV-81-WHA-WC (M.D. Ala. 2011).

In the instant complaint, Frazier challenges actions undertaken by the state courts denying him relief on his Rule 32 petition challenging the validity of the sentence imposed upon him for his 2002 manslaughter conviction and the denial of his appeal by the Alabama Court of Civil Appeals in a recent civil action filed against Judge Reynolds.  These allegations utterly and completely fail to demonstrate that Frazier was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g).).  Based on the foregoing, the court concludes that Frazier's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Frazier failed to pay the

---

S.Ct. at 921.

requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he **initiates** the suit.").

### III. CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by James Calvin Frazier on June 26, 2013 (Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before July 15, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 1st day of July, 2013.

                                         /s/ Wallace Capel, Jr.
                                         WALLACE CAPEL, JR.
                                         UNITED STATES MAGISTRATE JUDGE